UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION



NO. 7:25-CR-21-1
NO. 7:25-CR-21-2

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | INDICTMENT |
| TACARLOS ANTIGO MILLER ) | |
|   a/k/a "Ghetto" ) | |
|   a/k/a "Konoki" ) | |
| DYRON RUSH ) | |
|   a/k/a "Wise" ) | |
|   a/k/a "Fat Wack" ) | |
| ) | |

The Grand Jury charges that:

### COUNT ONE

Beginning in or about 2024, the exact date being unknown to the Grand Jury, and continuing up to and including on or about September 12, 2024, in the Eastern District of North Carolina, and elsewhere, the defendants, TACARLOS ANTIGO MILLER, a/k/a "Ghetto" and "Konoki," and DYRON RUSH, a/k/a "Wise" and "Fat Wack," did knowingly and intentionally combine, conspire, confederate, agree, and have a tacit understanding with each other and other persons, known and unknown to the Grand Jury, to knowingly and intentionally distribute and possess with the intent to distribute four hundred (400) grams or more of a mixture and substance containing a detectable amount of fentanyl, five hundred (500) grams or more of a mixture and substance containing a detectable amount of cocaine, a quantity of cocaine base ("crack"), Schedule II controlled substances, and a quantity of

1

marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

All in violation Title 21, United States Code, Section 846.

## ALLEGATION OF PRIOR CONVICTION

Before TACARLOS ANTIGO MILLER, a/k/a "Ghetto" and "Konoki," committed the offense charged in Count One, TACARLOS ANTIGO MILLER, a/k/a "Ghetto" and "Konoki," had a final conviction for a serious drug felony, namely, a conviction under 21 U.S.C. §§ 846 and 841 for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

## COUNT TWO

On or about July 25, 2024, in the Eastern District of North Carolina, the defendant, TACARLOS ANTIGO MILLER, a/k/a "Ghetto" and "Konoki," aiding and abetting another, did knowingly and intentionally distribute a quantity of fentanyl a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

## COUNT THREE

On or about August 6, 2024, in the Eastern District of North Carolina, the defendant, DYRON RUSH, a/k/a "Wise" and "Fat Wack," did knowingly and intentionally distribute a quantity of cocaine base ("crack"), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT FOUR

On or about September 12, 2024, in the Eastern District of North Carolina, the defendants, TACARLOS ANTIGO MILLER, a/k/a "Ghetto" and "Konoki," and DYRON RUSH, a/k/a "Wise" and "Fat Wack," aiding and abetting each other, did knowingly and intentionally possess with the intent to distribute four hundred (400) grams or more of a mixture and substance containing a detectable amount of fentanyl, five hundred (500) grams or more of a mixture and substance containing a detectable amount of cocaine, an quantity of cocaine base ("crack"), Schedule II controlled substances, and a quantity of marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

## ALLEGATION OF PRIOR CONVICTION

Before TACARLOS ANTIGO MILLER, a/k/a "Ghetto" and "Konoki," committed the offense charged in Count Four, TACARLOS ANTIGO MILLER, a/k/a "Ghetto" and "Konoki," had a final conviction for a serious drug felony, namely, a conviction under 21 U.S.C. §§ 846 and 841 for which he served more than 12 months of imprisonment and for which he was released from serving any term of

imprisonment related to that offense within 15 years of the commencement of the instant offense.

## COUNT FIVE

On or about September 12, 2024, in the Eastern District of North Carolina, the defendant, TACARLOS ANTIGO MILLER, a/k/a "Ghetto" and "Konoki," and DYRON RUSH, a/k/a "Wise" and "Fat Wack," aiding and abetting each other, did knowingly possess firearms in furtherance of a drug trafficking crime for which they may be prosecuted in a court of the United States, as alleged in Counts One and Four of this indictment, in violation of Title 18, United States Code, Section 924(c)(1)(A) and Title 18, United States Code, Section 2.

## COUNT SIX

On or about September 12, 2024, in the Eastern District of North Carolina, the defendant, TACARLOS ANTIGO MILLER, a/k/a "Ghetto" and "Konoki," knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one (1) year, knowingly possessed a firearm, and the firearm was in and affecting commerce, in violation of Title 18, United States Code, Sections 922(g)(1) and 924.

## COUNT SEVEN

On or about September 12, 2024, in the Eastern District of North Carolina, the defendant, DYRON RUSH, a/k/a "Wise" and "Fat Wack," knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one (1) year, knowingly possessed a firearm, and the firearm was in and affecting commerce, in violation of Title 18, United States Code, Sections 922(g)(1) and 924.

## ALLEGATION OF PRIOR CONVICTION

For purposes of Title 21, United States Code, Sections 841(b) and 851, TACARLOS ANTIGO MILLER, a/k/a "Ghetto" and "Konoki," committed the violation alleged in Count Two of the Indictment after a prior conviction for a felony drug offense, as defined in Title 21, United States Code, Section 802(44), had become final.

## FORFEITURE NOTICE

Notice is hereby given that all right, title and interest in the property described herein is subject to forfeiture.

Upon conviction of any felony violation of the Controlled Substances Act charged herein, the defendant shall forfeit to the United States, pursuant to 21 U.S.C. § 853(a), any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the said offense, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said offense.

Upon conviction of any violation of the Gun Control Act, the National Firearms Act, or any other offense charged herein that involved or was perpetrated in whole or in part by the use of firearms or ammunition, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and/or 26 U.S.C. § 5872, as made applicable by 28 U.S.C. § 2461(c), any and all firearms and ammunition that were involved in or used in a knowing or willful commission of the offense, or that were intended to be used in any offense identified in 18 U.S.C. § 924(d)(3), or, pursuant to 18 U.S.C. § 3665, that were found in the possession or under the immediate control of the defendant at the time of arrest.

The forfeitable property includes, but is not limited to, the following:

Personal Property

a) Kel Tec PF-9 pistol (SN: R2125) seized on September 12, 2024, at 12 S Lincoln Ct. Wilmington, NC, and all associated ammunition.

b) Kel Tec PF-9 pistol (SN: RWX49) seized on September 12, 2024, at 12 S Lincoln Ct. Wilmington, NC, and all associated ammunition.

c) Approximately $27,677.74 US Currency seized at 1012 Hanover St Wilmington, NC, on September 12, 2024.

d) Approximately $6,960.00 US Currency seized at 3419 Wilshire Blvd, Apt 203, Wilmington, NC, on September 12, 2024.

e) Approximately $330.55 US Currency seized at 12 S Lincoln Ct, Wilmington, NC, on September 12, 2024.

If any of the forfeitable property, as a result of any act or omission of a defendant: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty; it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property described above.

**REDACTED VERSION**
Pursuant to the E-Government Act and the federal rules, the unredacted version of this document has been filed under seal.

DATE: 26 Feb 25

DANIEL P. BUBAR
Acting United States Attorney

BY: N. TYLER LEMONS
Assistant United States Attorney